**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAPHAEL DITOMMASO,<br><br>       Plaintiff,<br><br>v.<br><br>GRO DEVELOPMENT, LLC,<br><br><br>       Defendant. | Civil Action No.<br><br>**ECF CASE**<br><br>**JURY TRIAL DEMANDED**<br><br>      **COMPLAINT** |

Plaintiff Raphael DiTommaso by way of Complaint against Defendant Gro Development, LLC, alleges as follows:

## NATURE OF THE ACTION

This is an action by an aggrieved individual against his former employer alleging that that it violated New York State and City law by unlawfully terminating his employment in retaliation for complaining of sexual harassment.

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S. Code § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.   Plaintiff is a resident of the State of New York, while Defendant is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business at 1060 Bloomingdale Avenue, Valrico, Florida 33596.

2.      Venue is based on 28 U.S.C. § 1391(b)(1) insofar as Defendant operates from offices within this Judicial District, including at 459 W. 18th Street, #3, New York, NY 10011, and (b)(2) insofar as the events giving rise to the within causes of action occurred in this Judicial District.

3.      Pursuant to Section 8–502(c) of the New York City Administrative Code, prior to commencing this action, Plaintiff served a copy of this Complaint upon the New York City Commission on Human Rights and the Corporation Counsel.

## PARTIES

4.      Plaintiff Raphael DiTommaso ("Plaintiff" or "Raphael") is an individual residing in Brooklyn, New York.

5.      Upon information and belief, Defendant Gro Development, LLC ("Defendant" or "Gro") is a limited liability company organized and existing under the laws of the State of Florida, with its principal address at 1060 Bloomingdale Avenue, Valrico, Florida and an additional address at 459 W. 18th Street, #3, New York, NY 10011.

## FACTS COMMON TO ALL COUNTS

6.      Gro is a consulting firm which specializes in providing facility development and design and management for non-profit organizations.

7.      From November 1, 2016 to August 3, 2017, Raphael worked for Gro as Director of Interiors and Environmental Branding where he oversaw and executed interior design services.

8.      In all respects, Raphael's job performance met or exceeded Gro's reasonable expectations.

9.      Raphael is gay.

10.     In December 2016, Gro's Director of Facility Development and Management, Kathleen Womack, asked Raphael whether he was in love with a boy.

11.     In or about mid-June 2017, Ms. Womack asked Raphael whether he was gay, and continued with the same line of inappropriate inquiry by explaining she could not guess his sexual orientation.

12.     On June 20, 2017, Raphael complained in writing to Gro's Human Resources Director and CFO, Mr. John Ireland ("the June 20, 2017 Complaint").

13.     In the June 20, 2017 Complaint, Raphael stated that, on at least two occasions, Ms. Womack had made the above-referenced inappropriate remarks.

14.     After receiving Raphael's complaint, Mr. Ireland replied that he and Gro's CEO, Rod Grozier, acknowledged and did not dispute that the incidents had occurred.

15.     Mr. Ireland further stated that he and Mr. Grozier took Raphael's complaint very seriously and that they had taken appropriate actions to confront and resolve the problem with Ms. Womack.

16.     The sole measure adopted by Gro's management was to distance itself from Raphael, thus creating an increasingly difficult working environment for him.

17.     In fact, after Raphael submitted his complaint, his repeated requests for necessary staffing and other related needs that he had submitted to Gro's management in order to properly carry out projects assigned to him were either denied or remained unanswered, in a clear effort to frustrate his ability to discharge his assigned duties.

18.     Similarly, despite the consistently demanding assignments that had him working overtime and weekends for the length of his employment at Gro, Raphael's reasonable expectations for an increase in compensation were no longer addressed.

19.    On August 3, 2017, which was less than a month and a half after Raphael submitted his complaint, and without having received any prior notice or warning Gro's CEO, Mr. Grozier, and HR Director, Mr. Ireland, invited Raphael to a meeting where they terminated his employment with Gro.

20.    At the aforementioned August 3, 2017 meeting, when asked by Raphael to clarify, Mr. Grozier and Mr. Ireland explained that there was "no cause" for the termination of his employment, and that it was "just not working out."

## FIRST  CAUSE OF ACTION
### (Executive Law § 296 – Retaliation)

21.    Plaintiff realleges each of the allegations set forth above as if set forth herein at length.

22.    Defendant has more than four persons in its employ, and therefore qualifies as an "employer" under the New York State Human Rights Law ("NYSHRL").

23.    Pursuant to Executive Law § 296, it is unlawful for an employer to retaliate and "to discharge, expel or otherwise discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding  under this article."

24.    As set forth in paragraphs 9-20, supra, Plaintiff engaged in a protected activity; Gro was aware that the Plaintiff participated in such activity; and, as a result of this activity, Plaintiff was subject to an adverse action resulting in the termination of his employment.

25.    As a result of the above-described retaliatory acts, Gro is liable under the Executive Law § 296.

WHEREFORE, Plaintiff Raphael DiTommaso demands that judgment be entered against Defendant Gro Development, LLC and that he be awarded: (a) compensatory damages including

without limitation back pay, front pay, pension and other lost benefits that he would have received but for defendants' actions; (b) additional compensatory damages for the emotional distress defendant's unlawful conduct has caused plaintiff; (c) interest; (d) punitive damages; (e) attorneys fees, costs, and expenses; and (f) such equitable and injunctive relief as may be appropriate; and (g) such further relief as the Court deems equitable, appropriate and just.

## SECOND CAUSE OF ACTION
### (New York City Administrative Code § 8-107– Retaliation)

26.     Plaintiff realleges each and every allegations set forth above as if set forth herein at length.

27.     New York City Administrative Code § 8-107(7) of the City Human Rights Law provides that it is unlawful for an individual to retaliate or discriminate in any manner against any person because such person has "opposed any practice forbidden under this chapter …"

28.     As set forth in paragraphs 9-20, supra, Plaintiff opposed a practice forbidden under said chapter, and was retaliated against by an adverse action resulting in the termination of his employment.

29.     As a result of the above-described retaliatory acts, Gro is liable under the CHRL.

WHEREFORE, Plaintiff Raphael DiTommaso demands that judgment be entered against Defendant Gro Development, LLC and that he be awarded: (a) compensatory damages including without limitation back pay, front pay, pension and other lost benefits that he would have received but for defendants' actions; (b) additional compensatory damages for the emotional distress defendant's unlawful conduct has caused plaintiff; (c) interest; (d) punitive damages pursuant to, inter alia, New York City Administrative Code § 8-205A; (e) attorneys fees, costs, and expenses pursuant to, *inter alia*, New York City Administrative Code § 8-205A; (f) such

equitable and injunctive relief as may be appropriate; and (g) such further relief as the Court deems equitable, appropriate and just.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised.

Dated: Springfield, New Jersey
           October 30, 2017

**JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C.**

/s/ Andrew Moskowitz
Andrew M. Moskowitz, Esq.

505 Morris Avenue
Springfield, NJ 07081
(973) 379-4200
amoskowitz@lawjw.com

Attorneys for Plaintiff  Raphael DiTommaso